UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY A. DAY,

      Plaintiff,

v.

ONSTAR, LLC, *et al.*,

      Defendants.

_____/

Civil Action No.:  19-10922
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS
COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND
IMPROPER VENUE, AND TO ENJOIN DAY FROM FILING
LAWSUITS IN THIS DISTRICT WITHOUT LEAVE OF COURT**

## I.    Introduction

Plaintiff Roy A. Day, a Florida resident who is proceeding *pro se*,

sues OnStar LLC, its director of retail sales (Kent Brodsho)—both of

Michigan—and various Florida-based defendants.  [ECF No. 9].[1]  He

_____

[1] No defendant has been served.  Day filed motions to extend the time to
serve them, but he has not shown good cause as required by Federal Rule
of Civil Procedure 6(b)(1).  [ECF Nos. 12, 21].  The Court denied the first
motion on that ground.  [ECF No. 16].  In his amended motion, Day did not
cure the defect.  Instead, accused this Court of being part of the "Deep
State," of issuing "Bogus orders" and of being a "crime against humanity"
and a "security threat to the CITIZENS of this Nation."  [ECF No. 21,
PageID.470-71].  As described below, these accusations are unsurprising
given Day's pattern of litigation.

alleges that this Court has federal question jurisdiction arising from his allegation that defendants violated his Fourth Amendment rights, and diversity jurisdiction.  [ECF No. 9, PageID.42-43].  The Honorable Terrence G. Berg referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  [ECF No. 7].

## II.   Background

As allowed by Federal Rule of Civil Procedure 15(a)(1), Day filed an amended complaint as a matter of course.  [ECF No. 9].  His second amended complaint, [ECF No. 19], did not comply with Rule 15(a)(1) because the rule allows an amended complaint to be filed as a matter of course only "once."  Rule 15(a)(1).  *Synthes USA Sales, Inc. v. Taylor*, No. 3:10-1102, 2012 WL 928190, at *1 (M.D. Tenn. Mar. 19, 2012) (interpreting Rule 15(a)(1) as allowing only one amendment of right).  Nor did Day file for leave to file his second amended complaint, as allowed by Rule 15(a)(2).  So Day's first amended complaint is the operative complaint. Even so, the analysis below applies equally to the second amended complaint.

Neither amended complaint—one 71-pages and the other 85 pages—comports with the requirements that the claims be "short and plain" and that each allegation "be simple, concise and direct."  Fed. R. Civ. P.

2

8(a) & (d)(1).  And his claims are disparate.  He alleges that OnStar and Brodsho conspired with members of Florida law enforcement to track his car, [ECF No. 9, PageID.43; ECF No. 19, PageID.283], and that he was wrongly removed from a library, [ECF No. 9, PageID. 55; ECF No. 19, PageID.296].  Day alleges that Defendant Chad Chronister, a Florida Sheriff, is a representative of all law enforcement in all 50 states "who orchestrate the 'robbing and raping' of the TAXPAYERS as co-conspirators with other government employees, and elected officials, pursuant to the the [*sic*] homeless, and the drug-crowd, including drug dealers, and the 'digital-morons,' and the derelicts, and the alcoholics, and casino gamblers, that have turned the libraries into a 'LOITERING-CESSPOOL-TAXPAYER-BLACKHOLE-SINKHOLE-RIP-OFF' ('LCTBHSHRO')."  [ECF No. 9, PageID.41; ECF No. 19, PageID.301].  The Court finds it difficult to discern Day's claims or their legal underpinnings.

Most fundamentally, the Court questioned whether it has subject matter jurisdiction over Day's claims and whether venue is improper in this district.  For those reasons, the Court ordered Day to show cause why this action should not be dismissed, and to address specifically:

- The basis for federal question jurisdiction against OnStar and Brodsho, as they are not government actors.  *See, e.g., Flagg*

3

*Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978) ("[M]ost rights secured by the Constitution are protected only against infringement by governments");

- The validity of Day's claim for diversity jurisdiction, when he and several defendants reside in Florida.  *See, e.g.,, Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017) (holding a federal court has diversity jurisdiction "only if each of the plaintiffs comes from a different State from each of the defendants");

- And, even if Day can establish subject matter jurisdiction for OnStar and Brodsho, why this action should not be dismissed *sua sponte* for improper venue, as all the events alleged in the amended complaint [ECF No. 9] took place in Florida.  *See e.g., Davis v. Reagan*, 872 F.2d 1025 (6th Cir. 1989) (affirming court's *sua sponte* dismissal before service of complaint on defendants for improper venue, since defendants resided in, and claims arose in a different jurisdiction than where plaintiff brought the action).

[ECF No. 18].

Day response mainly accused the undersigned of being biased, of conspiring with the defendants and acting as their attorney.  [ECF No. 23].

4

The Court has denied a motion to disqualify the undersigned based on the same allegations.  [ECF No. 25].  The Court also finds that subject matter jurisdiction does not exist, and that venue here is improper.  Finally, the Court recommends that Day be permanently enjoined from filing lawsuits in this district without leave of court.

## III.    Analysis

### A. Subject Matter Jurisdiction

A plaintiff must show that the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," or that jurisdiction is proper because of the diversity of citizenship of the parties.  28 U.S.C. §§ 1331, 1332.  When a court has subject matter jurisdiction under either Sections 1331 or 1332, it may exercise supplemental jurisdiction over related state claims.  28 U.S.C. § 1367.  But "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist."  *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996).  "It ought to be obvious that because federal subject matter jurisdiction is completely lacking there is nothing upon which to exercise supplemental jurisdiction under 28 U.S.C. § 1367."  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (citation and internal quotation marks omitted).

### 1.   *Diversity Jurisdiction*

A federal court has diversity jurisdiction "only if each of the plaintiffs comes from a different State from each of the defendants."  *Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017).  Day resides in Florida, as do all the individual defendants except Brodsho. [ECF No. 9, PageID.39-40, 59-69].  Thus, diversity jurisdiction does not exist.

### 2.  **Federal Question Jurisdiction**

"A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  A claim is not colorable if it is "wholly insubstantial and frivolous."  *Id.*, at 513, n.10 (internal citation and quotation marks omitted).  Here, Day makes no colorable claim against OnStar and Brodsho that arises under the Constitution or federal laws.

Day alleges that OnStar and Brodsho conspired with members of law enforcement in Florida to deny his Fourth Amendment rights by stealing his GPS data.  [ECF No. 9, PageID.43-58; ECF No. 19, PageID.283, 287-97]. He also invokes fraud statutes of "various States, including but not limited to, Michigan, and Florida," and alleges that OnStar and other defendants

6

have sought to conceal fraud.  [ECF No. 9, PageID.72, 94; ECF No. 19, PageID.318, 342-44].

Day correctly notes that a private entity who conspires with a state actor may be liable under § 1983.  *Memphis, Tennessee Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).  "For such a claim to survive a motion to dismiss, a plaintiff must allege: (i) the existence of a single plan; (ii) that the co-conspirators shared in a general conspiratorial objective; and (iii) an overt act in furtherance of the conspiracy that caused injury to the plaintiff."  *Harris v. Goins*, 156 F. Supp. 3d 857, 866 (E.D. Ky. 2015).  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  In *Gutierrez*, the court found insufficient the plaintiff's conclusory claims that "his job termination was the ultimate result of the conspiracy of Defendants to punish Plaintiff for his refusal to whitewash his investigation of city contracts" and that "defendants conspired against Plaintiff to unlawfully deprive him of his employment, his good name and reputation as punishment for Plaintiff's continued refusal to whitewash city contracts."  *Id.* (internal quotation marks omitted).

7

Despite their length, neither of Day's highly-repetitive amended complaints includes the necessary specificity.  As in *Gutierrez*, he makes conclusory allegations that are unsupported by material facts.  In his first amended complaint, Day alleges that Sheriff Chronister "was the 'principal co-conspirator,' and agents, and servants, and co-conspirators, and employees . . . in the illegal search and seizure of 'data' on [OnStar's] 'GPS Tracking' network in reference to Plaintiff's 2016 Chevrolet Spark 1LT." [ECF No. 9, PageID.40].  He alleges that defendants illegally searched and seized his data.  [*Id.*, PageID.42].  Day states that Chronister, OnStar and Brodsho "carried out, a **PREMEDITATED AND PREARRANGED** plan, scheme and practice which operated to deny Plaintiff his 'basic rights, and Constitutional rights, and subsequently, steal 'data' on Plaintiff's vehicle using Defendant OnStar's 'GPS' 'tracking' system to follow the 'location' of Plaintiff's vehicle'" to harass and intimidate him.  [*Id.*, PageID.43; *see also* PageID.48-50].

Day then appears to connect this alleged conspiracy with an effort to entrap him during his morning exercise: "([A] female … fat … was sent to entrap and harass Plaintiff, and a fat and … male to harass and entrap Plaintiff – all at the TAXPAYERS' expense and cost) and at Plaintiff's Sunday morning 'nirvana park location.'" [*Id.*, PageID.43].  He asserts that

Chronister solicited OnStar and its agents to track his (Day's) vehicle even though the facts did not warrant such an action and there was no probable cause.  [*Id.*, PageID.47, 53-54].  According to Day, the conspiracy was orchestrated to railroad him and cover up fraud at the Austin Davis Library.  [*Id.*, PageID.47-48, 54-55].

Day's allegations against OnStar and Brodsho are insufficient; he provides no material facts to support his conclusions that those defendants participated in a conspiracy or knew that Day's car was being tracked illegally.  These insufficiencies remain in Day's second amended complaint.  [See ECF No. 19, PageID.295-96, 300-01].  And both amended complaints are mostly screeds against the "robbing and raping" of taxpayers because libraries are "dumping grounds" for the "evil-criminal-crowd."  [ECF Nos. 9, 19].

Day does not state a colorable § 1983 conspiracy claim against OnStar and Brodsho, so his invocation of § 1331 jurisdiction over the claims against those defendants is improper.  *Arbaugh,* 546 U.S. at 513.  Without federal question jurisdiction, there is no supplemental jurisdiction of Day's fraud claims.  *Ahearn,* 100 F.3d at 451.

## B. Venue

Even if subject matter jurisdiction exists, this case should still be dismissed because Day has filed his complaint in an improper venue. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The choice between dismiss or transferring an action filed in the improper venue lies within the discretion of the court. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

28 U.S.C. § 1391(b) states that, in general:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendants here are from both Florida and Michigan, and no property is the subject of this action. So the question is: did a substantial part of the events or omissions giving rise to the claim occur in the Eastern District of Michigan?

10

In response to the order to show cause, Day did not allege that any part of the events or omissions in his complaint arose here.  Instead, he asserted that OnStar and Brodsho are indispensable parties and witnesses, that he could not receive a fair trial in Florida and that the Detroit library staff are indispensable witnesses.  [ECF No. 23, PageID.493-96].  These arguments have no bearing on the propriety of venue in the Eastern District of Michigan under § 1391(b).

Day also assails the Court for raising the venue issue *sua sponte*.  But as noted by Judge Berg last year, "Although courts generally refrain from sua sponte dismissal for improper venue, such dismissal is properly within the court's discretion in certain circumstances."  *Walton v. Jones*, No. 2:17-CV-13078-TGB, 2018 WL 4138926, at *1 (E.D. Mich. Aug. 29, 2018) (collecting cases).  *See also Davis v. Reagan*, 872 F.2d 1025 (6th Cir. 1989) (affirming court's *sua sponte* dismissal before service of complaint on defendants for improper venue, since defendants resided in, and claims arose in a different jurisdiction than where plaintiff brought the action).  In *Walton*, Judge Berg noted that "such sua sponte dismissals occur even in actions brought by pro se plaintiffs, who normally receive the benefit of liberal pleading construction."  *Walton*, 2018 WL 4138926 at *2.  And Judge

11

Berg dismissed the complaint because the plaintiff's "allegations have no relationship to Michigan."  *Id.*

Day's complaint should be dismissed without prejudice, instead of transferred, because of his litigious history in Florida described below.

## C.    Proposed Injunction

"There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  There is nothing wrong with an order that "restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category."  *Id.*

To determine whether a permanent injunction is warranted, courts consider:

> '(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective good faith expectation of prevailing?, (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

12

*Kersh v. Borden Chem., a Div. of Borden, Inc.*, 689 F. Supp. 1442, 1450

(E.D. Mich. 1988) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19,

24 (2d Cir.1986).  Having considered these factors, the Court finds that

Day's litigation conduct calls out for a permanent injunction.

### 1.    Litigation History

Day has been a prolific *pro se* plaintiff for at least 35 years.  A

Westlaw search reveals over 130 opinions about lawsuits filed by "Roy A.

Day" or "Roy Anderson Day" in myriad federal and state courts.

In 1993, the United States Supreme Court enjoined him from filing

petitions for certiorari in noncriminal cases because he had filed 35

frivolous petitions over the past nine years.  *Day v. Day*, 510 U.S. 1 (1993).

In 1995, a district judge in the Middle District of Florida wrote,

> Since 1989, Roy Day ("Day") has instituted and pursued prolific
> and abusive litigation in the Middle District of Florida.  Over the
> past several years, he has filed at least sixty-two actions in this
> District.  All of those cases have been dismissed except the six
> that are the subject of this Order.  Day's numerous and
> baseless lawsuits, coupled with his oral and written attacks on
> litigants, court employees, and judges, constitute a
> sanctionable abuse of the judicial process."

*In re Roy Day Litig.*, 976 F. Supp. 1455, 1456 (M.D. Fla. 1995).  The judge

described Day's "caustic personal tirades against his perceived enemies,

including judges of this Court" and noted that "[m]ost of Day's filings

13

express crude, racist, deranged, and delusional sentiments."[2] *Id.* at 1457.

Because of this conduct, the chief judge of the Middle District of Florida

enjoined Day from filing any complaints before they were screened by a

magistrate judge. *In re Roy Day Litig.*, 976 F. Supp. 1460 (M.D. Fla. 1995).

In 2011, the magistrate judge charged with screening Day's

complaints reported that he was besieged.

> The injury inflicted on the judicial system and other litigants can
> be precisely identified in this situation. If I had not diverted to
> the screening of Day's complaints and the consideration of his
> motions, I would have taken up the next Social Security case
> that was sitting on my worktable. I am confident that I could
> have reviewed the entire 623–page administrative transcript,
> read the parties' memoranda, and prepared a detailed Order
> disposing of the case in the time I spent dealing with Day's
> submissions.

*In re Roy Day Litig.,* No. 95-143-MISC-J, 2011 WL 550207, at *6 (M.D. Fla.

Feb. 9, 2011). The magistrate judge noted that a $4,000 judgment for filing

frivolous lawsuits had been imposed against Day, including a lawsuit

arising out of his conviction for stalking in Pasco County, Florida. *Id.* at *1.

The complaint is "nothing but raw nonsense" and had "no coherent theory."

*Id.* at *4. Day named as defendants:

> (1) the trial judge in the criminal stalking case (who Day has
> improperly called a racist since she is black); (2) the prosecutor;
> (3) an attorney who defended Day in his state appeal; (4) a
> court reporter; (5) another court reporter; (6) a juror; (7) a state

---

[2] This description applies equally to Day's amended complaints here.

14

circuit court judge who was part of a panel that considered Day's appeal; (8) United States District Judge Elizabeth A. Kovachevich; (9) United States Circuit Judge Susan H. Black; and (10) United States Circuit Judge James L. Edmondson."
*Id.*

After the Florida court rejected his claims arising out of the stalking conviction, Day filed seven lawsuits in Delaware based on the very same events. *Day v. Toner*, No. CIV. 12-1715-LPS, 2013 WL 1455449, at *1 (D. Del. Apr. 8, 2013), *aff'd,* 530 F. App'x 118 (3d Cir. 2013). A Delaware district judge noted, "Plaintiff has been found to be a vexatious litigant by the United States Supreme Court, the United States District Court for the Middle District of Florida, and the District Court of Appeals of Florida, Second District." *Id.* at *5. Thus, the Delaware court ordered that Day was "enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, or petition for writ of mandamus in an effort to avoid the sanctions imposed upon him by the United States District Court for the Middle District of Florida" or related to the stalking conviction. *Day v. Toner*, No. CV 12-1715-LPS, 2013 WL 3939656, at *2 (D. Del. July 26, 2013), *aff'd,* 549 F. App'x 66 (3d Cir. 2014).

In *Day v. Grey*, No. 2:17-CV-00286-JAW, 2019 WL 404971, at *1 (D. Me. Jan. 31, 2019), the court dismissed a complaint on *res judicata* grounds. In *Day v. Target Corp.*, No. A18-0611, 2018 WL 6729772, at *1

15

(Minn. Ct. App. Dec. 24, 2018), the court found frivolous Day's claim that Target and Starbucks conspired to steal cash from consumers.  Day imagined this alleged conspiracy after he "attempted to deposit five dollars in his Starbucks account at a Starbucks located inside a Target store" but found the next day that his receipt showed that "only one dollar had been deposited."  *Id.*  In addition to finding Day's complaint frivolous, the court rejected his claim that "the referee of the district court should be disqualified because she has conspired with opposing counsel, placed herself in the position of counsel, and 'has a mental attitude of denying the law, facts, and evidence exist when they pertain to a [pro se litigant].'"  *Id.* at *2.

The Northern District of Georgia denied Day's application to appeal *in forma pauperis* a claim dismissed on collateral estoppel grounds; the complaint was frivolous.  *Day v. AT&T Mobility*, LLC, No. 1:17-CV-3294-RWS, 2018 WL 2002135, at *1 (N.D. Ga. Feb. 26, 2018).  And after having observed at least five times previously that Day had a "history of vexatious and abusive litigation," the Third Circuit Court of Appeals cautioned Day that it would impose sanctions for further frivolous appeals with "a substantial monetary penalty and an order enjoining Day from further filings

16

unless and until he satisfies that penalty." *Day v. Loucks*, 668 F. App'x 425, 426 (3d Cir. 2016) (internal citation and quotation marks omitted).

Last year, Day filed suit in this district against a Wayne County circuit judge and the clerk of Wayne County, alleging that they denied him a timely ruling on his *in forma pauperis* application.  [18-cv-12601, ECF No. 6, PageID.44].  District Judge Marianne O. Battani dismissed the complaint as frivolous.  "Even with most liberal reading of Plaintiff's Complaint, the Court cannot discern sufficient facts to support a viable federal claim against Defendants requiring intervention by this Court into a state matter.  First and foremost, his complaint lacks factual allegations regarding the specific actions taken by Defendants, it merely includes conclusory allegations." [*Id.*, PageID.45].  On appeal, Day alleged that Judge Battani "was biased against him."  [*Id.*, ECF No. 13].

After this lawsuit was filed, Day filed a complaint against General Motors and its Chair, Mary T. Barra, accusing them of having a **"cunning, misleading, and deceptive"** warranty for high-beam headlights, and engaging in a **"PREMEDITATED AND PRE-ARRANGED** scheme and conspiracy."  [19-cv-11311, ECF No. 8, PageID.58-59 (emphasis in original)].

In the absence of an injunction, Day will likely flood this district with lawsuits and file frivolous complaints against the judges here.

### 2.  Motive in Pursuing Litigation

As described above, Day's complaints have been crude and harassing.  He has alleged dubious conspiracies and refiled claims that had already been rejected several times because they were frivolous.  The Court finds that Day has no good faith expectation of prevailing in his lawsuits, and that factor weighs in favor of a permanent injunction.  *Kersh,* 689 F. Supp. at 1451.

### 3.  Whether the Litigant is Represented by Counsel

"Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."  *U.S. ex rel. Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669, 671 (7th Cir. 1995).  Thus, Day's *pro se* status weighs in favor of imposing an injunction.  *Kersh,* 689 F. Supp. at 1451; *Daniel v. DTE Energy*, No. 11-13141, 2013 WL 4502151, at *5 (E.D. Mich. Aug. 22, 2013).

18

### 4. Needless Expense to Other Parties and Unnecessary Burden on the Courts and Their Personnel

The sheer volume of Day's lawsuit suggests that they have burdened other parties. And the magistrate judge in the Middle District of Florida described the burden that fell on him to review Day's prolific lawsuits. Serial lawsuits like those filed by Day divert scarce judicial resources from legitimate legal disputes. *U.S. ex rel. Verdone*, 73 F.3d at 671. And Day has dragged various judges into his lawsuits simply because they ruled against him.

### 5. Whether Other Sanctions Would Be Adequate

While monetary sanctions may be warranted here, they would "likely only create further litigation by [Day], in the form of appeals or suits against this Court." *Kersh*, 689 F. Supp. at 1451. *See also Nuckols v. Grace Centers of Hope*, No. 07-13735, 2007 WL 4454298, at *4 (E.D. Mich. Dec. 14, 2007) ("Because Mr. Nuckols' response to an adverse ruling is to file a suit against its source, no other sanction would serve to protect this Court and other parties.").

In fact, an injunction will not likely deter Day. The Third Circuit noted, "Other courts' filing injunctions and this Court's previous admonitions obviously have not deterred Day from pursuing his vexatious and abusive campaign of litigation. To the contrary, Day asserts on appeal that, if we

19

rule against him, 'then Appellant will file the complaint again, and again, and again[.]'" *Day*, 668 F. App'x at 426.  Still, requiring Day's complaints to be prescreened will save the court from having to review his abundant frivolous motions.

### 6.    *Recommended Injunction*

Day's has a history of vexatious litigation that is likely to continue to abuse the judicial process, harass other parties and harass the judges. Thus, an injunction should be entered against him that is "sufficiently tailored to the vice so as not to infringe upon the litigator's right of access to the courts."  *Ortman v. Thomas*, 906 F. Supp. 416, 422 (E.D. Mich. 1995). The injunction should preclude Day from:

- filing any new federal actions in the Eastern District of Michigan without obtaining leave of court, and ordering that any action filed without leave be stricken; and

- filing any new action in "any court whatsoever (state or federal) against any state or federal judge, officer or employee, or court employee, for actions taken in the course of their official duties as a judge, officer, employee, or court employee," without leave of court. *Kersh*, 689 F. Supp. at 1452.

20

To obtain leave to file a new action, Day should be ordered to:

- file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed complaint;

- attach as an exhibit to that motion a declaration under 28 U.S.C. § 1746 or a sworn affidavit certifying that his complaint is not prohibited by the permanent injunction, and that it is not frivolous or made in bad faith;

- identify and list in a second exhibit: (1) the full caption of every suit which has been previously filed by him or on his behalf in any court against every defendant in the suit that he wishes to file, and (2) the full caption of every suit which he has currently pending;

- provide, in a third exhibit, a copy of each complaint covered by the preceding paragraph and a certified record of its disposition.  He must serve a copy of this order on each defendant if leave to serve is granted; and

- append the order granting the permanent injunction to any new action that he may hereinafter file in any court.

The preliminary injunction should state that it does not impair Day's ability to defend himself in any criminal action.  Finally, the

Court should retain jurisdiction to modify this injunction as necessary where circumstances may change.[3]

## IV.    Conclusion

The Court recommends that Day's lawsuit be dismissed without prejudice for lack of subject matter jurisdiction and for improper venue, and that the permanent injunction described above be imposed against him.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 3, 2019

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party

---

[3] This recommended injunction borrows heavily from, and is supported by, *Kersh*, 689 F. Supp at 1452-53, and *Shophar v. Gorski*, No. 17-CV-13322, 2018 WL 4442268, at *5 (E.D. Mich. Sept. 18, 2018).

might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 3, 2019.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

23