UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROY A. DAY**, <br><br> Plaintiff, <br><br> vs. <br><br> **ONSTAR, LLC et al.**, <br><br> Defendants. | 2:19-CV-10922-TGB <br><br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT** |

This matter is before the Court on Magistrate Judge Elizabeth Stafford's June 20, 2019 and July 3, 2019 Reports and Recommendations (ECF Nos. 17 and 27), recommending denying Plaintiff's Motion for Temporary Restraining Order, *sua sponte* dismissing Plaintiff's Complaint for lack of subject matter jurisdiction, and enjoining Plaintiff Roy Day from filing lawsuits in the Eastern District of Michigan without leave of the Court.

The Court has reviewed the Magistrate Judge's Reports and Recommendations. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy"

of a report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.*

Plaintiff filed numerous objections to Magistrate Judge Stafford's Reports and Recommendations. ECF Nos. 22, 29, 30, 31. This Court reviews *de novo* parts of a report and recommendation to which a party objects. *Bass v. McMahon*, 499 F.3d 509 (6th Cir. 2007). "However, when parties make only frivolous, conclusive, or general objections, the court reviews the report-recommendation for clear error." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty of Albany*, 281 F. Supp. 436, 439 (N.D.N.Y 2003) (internal quotation marks omitted); *accord Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). After careful analysis of the record, including Plaintiff's objections, the Court concludes Plaintiff's objections are frivolous, nonsensical, and vexatious and do not warrant reaching a conclusion contrary to the Magistrate Judge's Report and Recommendation.

Plaintiff's objections are largely unintelligible, though they appear to allege a broad conspiracy against him by the Court and Magistrate Judge Stafford. For example, Objection 7 reads: "It is self-evident that

the July 3, 2019 "R&R is a 'fraudulent order' (intrinsic and extrinsic), and was entered to deceive and mislead each and all readers of the true and correct facts, law and evidence . . ." ECF No. 29 PageID.570. In total, Plaintiff's Objections fill 405 pages and generally repeat allegations of fraud and conspiracy.

Several objections do specifically challenge Judge Stafford's conclusion that diversity jurisdiction is not satisfied in this case because Plaintiff and several defendants reside in Florida. But the objections raise no new points and simply repeat allegations in the Complaint. As Judge Stafford found, the Complaint indicates that Plaintiff and some defendants reside in Florida. Complaint, ECF No. 9, PageID.39–40, 59–69. This means that diversity is incomplete, and the federal court does not have subject matter jurisdiction over the case. *Evanson Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1990). Virtually all of Plaintiff's objections are frivolous because Plaintiff does not allege facts sufficient for the Court to conclude that he is entitled to relief, nor does the law plausibly support his position. The Court is unable to address specifically the

remainder of Plaintiff's objections because the factual and legal bases for these objections are essentially indecipherable.

As Judge Stafford notes, Plaintiff has been enjoined by several courts around the nation for repeatedly filing frivolous actions. Report and Recommendation, ECF No. 27 PageID.540–549. After careful analysis, the Report and Recommendation recommends enjoining Plaintiff from filing additional actions in the Eastern District of Michigan. And after reviewing that recommendation, this Court agrees.

For the foregoing reasons, Magistrate Judge Stafford's Reports and Recommendations (ECF Nos. 17, 27) are **ACCEPTED AND ADOPTED** as this Court's findings of fact and conclusions of law. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and for improper venue. All pending motions are **DENIED AS MOOT**. A **PERMANENT INJUNCTION** is entered against Plaintiff, enjoining him from filing additional complaints in the Eastern District of Michigan without leave of the Court. Plaintiff may refer to the procedure set forth in the July 3, 2019 Report and

Recommendation for the process of obtaining leave to file a new action if he wishes to do so.

**SO ORDERED.**

DATED July 24, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge